UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GARY SCOTLAND,
                *Plaintiff*,

v.

WELLS FARGO BANK, N.A.,
                *Defendant*.

1:25-cv-01348-MSN-LRV

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *pro se* Plaintiff Gary Scotland's Emergency Motion to Remand (ECF 2) and Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss for Failure to State a Claim (ECF 6). For the reasons stated below, the Court will deny Plaintiff's Emergency Motion to Remand and grant Defendant's Motion to Dismiss.

**I.    BACKGROUND**

On May 29, 2025, Plaintiff filed a three-count Warrant in Debt against Defendant in Alexandria General District Court related to disputed transactions on a credit card issued by Defendant. ECF 1–1 ("Compl.") at 3, 5–6. Plaintiff's complaint alleged that "[o]n or around March 2024, unauthorized transactions" in the amount of $800.00 "appeared on Plaintiff's credit card." *Id.* Plaintiff "promptly disputed the charges with Defendant pursuant to the Fair Credit Billing Act" ("FCBA"), 15 U.S.C. §§ 1666 – 1666j, and Defendant "initially refunded the disputed amount." *Id.* at 5. Defendant, however, "later reversed the refund without adequate explanation or resolution" and has "failed to provide a final resolution or sufficient response." *Id.* at 5-6. Plaintiff alleged that Defendant thus (1) violated the FCBA by failing to properly investigate and resolve the billing dispute, (2) breached its obligations under its "cardholder agreement," and (3) negligently failed to safeguard his account and adequately address unauthorized activity. *Id.* at 6.

After being served a copy of the complaint, Defendant timely removed the case to this Court on August 14, 2025. ECF 1. The following day, Plaintiff filed an Emergency Motion to Remand seeking to remand the case back to the Alexandria General District Court. ECF 2. Defendant opposed the request (ECF 10), and filed a Motion to Dismiss for Failure to State a Claim (ECF 6). Both motions are now fully briefed.

## II.   MOTION TO REMAND

Because subject-matter jurisdiction "is a threshold issue" which courts must consider "before addressing the merits" of a claim, the Court first considers Plaintiff's Emergency Motion to Remand. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

Under 28 U.S.C. § 1331, district courts have "original jurisdiction" over all civil actions arising under federal law. District courts may also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To assess whether federal-law claims and state-law claims form part of the same case, courts consider whether the claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 615 (4th Cir. 2001) (cleaned up). The party seeking removal bears the burden of demonstrating that the federal court has jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Defendant properly removed this action to federal court. While Plaintiff argues that "[a]ny federal issues" in his complaint are merely "incidental" to his state law claims (ECF 2 at 1), Plaintiff's complaint is based on a claim under federal law—the FCBA—over which this Court has federal question jurisdiction. *See* 28 U.S.C. § 1331. Moreover, while Plaintiff's complaint

raises claims under state law—specifically, breach of contract and negligence—all three of Plaintiff's claims derive from the same facts: Defendant's handling of the allegedly unauthorized charges on Plaintiff's credit card. *See* Compl. at 5-6. This Court may, therefore, exercise supplemental jurisdiction over Plaintiff's state law claims and need not remand the case to Virginia state court.

### III.   MOTION TO DISMISS

Turning to the merits, Defendant contends that this Court should dismiss Plaintiff's complaint because Plaintiff's FCBA claim is time-barred and the complaint does not adequately state a claim of an FCBA violation, a breach of contract, or negligence.

Courts liberally construe *pro se* pleadings, *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), and, at the pleading stage, "must accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff." *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A court also "need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (internal quotation marks omitted)). In addition, a court may grant a Rule 12(b)(6) motion to dismiss and dismiss a claim as untimely "if the time bar is apparent on the face of the complaint." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (quoting *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)).

A.     FCBA

Defendant contends that Plaintiff's FCBA is untimely on its face because Plaintiff failed to file suit within one year after Defendant's alleged FCBA violation. ECF 6–1 at 3-4. Defendant further contends that, even if Plaintiff's claim is timely, he has failed to state a claim for relief. *Id.* at 4-6. The Court agrees with Defendant's latter argument.

Because the FCBA is part of the same statutory scheme as the Truth in Lending Act ("TILA"), found in 15 U.S.C. §§ 1601 – 1667f, Courts apply TILA's one-year limitations period to claims brought under the FCBA. *Roa v. State Farm Bank*, No. 1:21-cv-881 (AJT/MSN), 2021 WL 11702071, at *2 (E.D. Va. Oct. 22, 2021) (citing 15 U.S.C. § 1640(e)). Under the FCBA, creditors must follow certain procedures when a customer disputes a billing error. *Id.* For instance, if a cardholder sends a creditor a written notice of an error within sixty days of receiving a bill, the FCBA requires a creditor to acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days. *Id.*; *see also* 15 U.S.C. § 1666(a). A creditor's failure to timely acknowledge the dispute or provide written explanation "constitutes a discrete violation that triggers the running of the one-year limitations period." *Roa*, 2021 WL 11702071, at *3.

Plaintiff alleges that the unauthorized charges appeared on his credit card in March 2024. Compl. at 5. He claims that he then "promptly disputed the charges," after which Defendant granted, then reversed a refund without adequately investigating or resolving the billing dispute *Id.* at 5-6. On May 29, 2025, he filed his complaint.[1] *Id.* at 3. While Plaintiff's complaint was filed more than one year after he noticed the disputed charges, it is unclear from the face of his complaint

---

[1] Defendant claims that Plaintiff filed his complaint on July 14, 2025. ECF 6–1 at 4. That date, however, is the date that the Alexandria General District Court issued the summons, not the date that the complaint was filed. *See* Compl. at 3.

when he complained about the charges, when Defendant acknowledged his complaint, and when, if at all, Defendant provided a written explanation about its investigation. Because Defendant's required actions may have fallen within the year before Plaintiff filed his complaint, the complaint is not clearly untimely on its face. *See Roa*, 2021 WL 11702071, at *3.

While Plaintiff may have timely filed his complaint, he has not stated a claim under the FCBA. "To succeed on an FCBA claim, a plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural elements of 15 U.S.C. § 1666." *Johnson v. Capital One*, No. 1:23-CV-169-RDA-WEF, 2023 WL 5984281, at *2 (E.D. Va. Sept. 14, 2023) (quoting *Murr v. Capital One Bank (USA), N.A.*, 28 F. Supp. 3d 575, 592 (E.D. Va. 2014)).

A "billing error" may consist of: (1) a charge that did not occur or was not in the amount reflected on the statement; (2) a charge for which the obligor requests additional clarification; (3) a charge for goods or services not accepted by or delivered to the obligor; (4) the creditor's failure to properly reflect a payment; (5) a computation error; or (6) failure to transmit the statement to the last known address of the obligor. *Johnson*, 2023 WL 5984281, at *3; 15 U.S.C. § 1666(b).

If an obligor timely notifies a creditor of a billing error, the creditor must, within ninety days, either (1) make appropriate corrections to the obligor's account, or (2) send a written explanation or clarification to the obligor of why the creditor believes the account was correctly shown on the obligor's statement. 15 U.S.C. § 1666(a)(B).

Here, Plaintiff has not adequately alleged that he was subject to a billing error or that Defendant failed to follow proper procedures in rectifying the error. Plaintiff alleges that he noticed unauthorized charges totaling "approximately $800.00" and that Defendant has not provided adequate explanation as to why it has not issued a refund. Compl. at 5-6. But he pleaded no facts

explaining why these charges were unauthorized or how Defendant's actions were improper.[2] *See Harvey v. Checkered Flag Auto.*, No. 3:22-CV-420-HEH, 2022 WL 4538448, at *3 (E.D. Va. Sept. 28, 2022) (concluding that plaintiff's claim that a debt a was "invalid" was too conclusory to state a claim under the FCBA). Even construed liberally, Plaintiff's conclusory statements cannot raise the prospect of an FCBA violation "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Breach of Contract

Plaintiff next alleges that Defendant breached the Parties' contract. Under Virginia law, a breach of contract claim requires "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004).

Plaintiff's complaint fails to plead each of these elements. The only allegation in the complaint regarding a breach of contract is that Defendant "fail[ed] to uphold its cardholder agreement obligations." Compl. at 6. By neglecting to plead any facts about the terms of the contract, how Defendant's actions breached those terms, and the resulting damages, Plaintiff has not plausibly alleged a breach of contract.

### C. Negligence

Lastly, Plaintiff contends that Defendant acted negligently by failing to safeguard his account and adequately address the unauthorized activity. Compl. at 6.

---

[2] In his opposition brief, Plaintiff included additional facts in support of his claims. The Court does not consider these facts in its analysis. While courts must liberally construe *pro se* pleadings, "appearing pro se does not relieve Plaintiffs of the obligation to comply with the Federal Rules of Civil Procedure," *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021), and it "is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Guillen v. Esper*, No. 1:19-CV-1206-LMB-IDD, 2020 WL 3965007, at *2 (E.D. Va. July 13, 2020) (quoting *Marsh v. Va. Dep't of Transp.*, No. 6:14-cv-6, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014)).

To state a claim for negligence, a Plaintiff must identify (1) a legal duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) injury to the plaintiff proximately caused by the breach. *Talley v. Danek Med., Inc.*, 179 F.3d 154, 157 (4th Cir. 1999). Here, Plaintiff has done no more than state a state a legal conclusion, namely, that Defendant acted with "[n]egligence." Compl. at 6. Because Plaintiff's complaint does not clearly allege how Defendant breached a recognized legal duty, Plaintiff's negligence claim will be dismissed.[3]

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Emergency Motion to Remand (ECF 2) is DENIED; and it is further

ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (ECF 6) is GRANTED; and it is further

ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. If Plaintiff so chooses, he may file an Amended Complaint within thirty (30) days of this Memorandum Opinion and Order.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

---

[3] Furthermore, as Defendant points out, ECF 6–1 at 7, Virginia law does not permit a plaintiff to bring a tort action "based solely on a negligent breach of contract." *Sel. Ins. Co. of the S.E. v. Williamsburg Christian Acad.*, 458 F. Supp. 3d 409, 414 (E.D. Va. 2020) (quoting *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344 (1998)). Accordingly, to bring a tort action, a plaintiff must allege that a defendant breached an independent common law or statutory duty, and not a duty that arises from the parties' contract. *See Filak*, 594 S.E. 2d at 613. Plaintiff's complaint points to his contract with Defendant—the cardholder agreement—but does not clearly allege that Defendant owes him an independent duty.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant. The Clerk is further directed to close this civil action.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

December 11, 2025
Alexandria, Virginia